AMI.23218

# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF TEXAS
# DALLAS DIVISION

| | | |
|---|---|---|
| **JANICE WOODS,** | § § § | |
| **Plaintiff,** | § § | |
| vs. | § § | Case No. _____ |
| **AMICA MUTUAL INSURANCE COMPANY,** | § § § § | |
| **Defendant.** | § | |

## DEFENDANT'S NOTICE OF REMOVAL

Defendant Amica Mutual Insurance Company ("AMICA"), pursuant to 28 U.S.C. §§ 1332, 1441, and 1446(a), files this Notice of Removal.

### I. INTRODUCTION

1. This removal is based on diversity jurisdiction. Plaintiff Janice Woods ("Plaintiff") seeks redress from Defendant AMICA related to Plaintiff's right to recover underinsured motorist ("UIM") benefits under the subject AMICA Policy, arising from a January 19, 2016 motor vehicle accident.

2. Plaintiff is now, and was at the time of removal, and at the time of the filing of the instant lawsuit, a citizen of Texas.

3. In contrast, Defendant AMICA is now, and was at the time of removal, and at the time of the filing of the instant lawsuit, a mutual insurance company duly organized, incorporated and existing under the laws of the State of Rhode Island with its principal place of business in the State of Rhode Island.

4. In addition, the amount in controversy exceeds $75,000.00, exclusive of interest and costs. In particular, Plaintiff's Original Petition seeks monetary relief "in excess of

$100,000 but no more than $200,000; excluding costs."

5.     Defendant AMICA files its Notice of Removal within thirty days of service of Plaintiff's Original Petition.  This action has been on file for less than one year.

## II. GROUNDS FOR REMOVAL: DIVERSITY JURISDICTION

**A.     Diversity Jurisdiction Exists**

6.     Removal is proper because this lawsuit involves a controversy between citizens of different states.  Specifically, Plaintiff is now, and was at the time of removal, and at the time of the filing of the instant lawsuit, a citizen of Texas. (Exh. C-2, at para. 2).  In contrast, Defendant AMICA is now, and was at the time of removal, and at the time of the filing of the instant lawsuit, a mutual insurance company duly organized, incorporated and existing under the laws of the State of Rhode Island with its principal place of business in the State of Rhode Island.  Thus, diversity of citizenship between the parties exists.

7.     In addition, the amount in controversy exceeds $75,000.00, exclusive of interest and costs. 28 U.S.C. §§ 1332, 1441.  Specifically, Plaintiff alleges that she seeks "monetary relief in excess of $100,000 but no more than $200,000; excluding costs, pre-judgment interest, and attorney's fees." (Exh. C-2, at para. 1).  ). *See Wright v. Spindletop Films, L.L.C*., 845 F. Supp. 2d 783, 787 (S.D. Tex. 2012) (Ellison, J.) ("Courts are to 'decide what the amount in controversy is from the complaint itself …'") (citing *Horton v. Liberty Mut. Ins. Co*., 367 U.S. 348, 353 (1961) ("The general federal rule has long been to decide what the amount in controversy is from the complaint itself …"); *Trans-Net, Inc. v. Crawley*, 2008 WL 938374, *1 (S.D. Tex. 2008) (Miller, J.) ("In this case, [plaintiff] avers actual damages in excess of the jurisdictional minimum. [Plaintiff's] assertions are sufficient to support diversity jurisdiction."). Accordingly, the amount in controversy exceeds $75,000.00, exclusive of interest and costs.

**B.     Removal Is Timely**

8.     Defendant AMICA was served with a copy of Plaintiff's Original Petition on December 6, 2016. (Exh. C-5). AMICA files this Notice of Removal within thirty days after service. 28 U.S.C. § 1446(b)(1). In addition, the suit has been pending for less than a year. Therefore, removal of this action is timely.

### III.  COMPLIANCE WITH REMOVAL PROCEDURES

9.     Attached to this Notice of Removal as Exhibits A-C are the following documents required by 28 U.S.C. § 1446(a) and N.D. TEX. LOC. R. 81.1 (these documents are hereby incorporated by reference in all respects):

A.     Civil Cover Sheet;

B.     Supplemental Civil Cover Sheet;

C.     Index of Documents;

    1.     State Court Docket Sheet;

    2.     Plaintiff's Original Petition, filed November 21, 2016;

    3.     Civil Case Information Sheet, filed November 21, 2016;

    4.     Citation on AMICA, issued November 21, 2016;

    5.     Return of Service for AMICA, dated December 6, 2016;

    6.     Defendant AMICA's Original Answer, filed December 21, 2016; and

    7.     Defendant's Motion for Leave to Designate Responsible Third Party filed January 4, 2017.

10.     Venue is proper in this district pursuant to 28 U.S.C. § 1441(a) because the United States District Court for the Northern District of Texas, Dallas Division, embraces Dallas County, Texas, where the state court action was filed and is currently pending. Specifically, Plaintiff filed suit in the County Court at Law No. 1, Dallas County, Cause No. CC-16-05879-A.

11. Defendant will immediately file a copy of its Notice of Removal with the clerk of the state court in which the state court action is pending.

WHEREFORE, PREMISES CONSIDERED, Defendant AMICA MUTUAL INSURANCE COMPANY requests this action be immediately and entirely removed upon filing of this Notice of Removal to the United States District Court for the Northern District of Texas, Dallas Division, and for such other and further relief to which it may be justly entitled.

Respectfully submitted,

**FLETCHER, FARLEY,**
**SHIPMAN & SALINAS, L.L.P.**

By:   */s/ Paul W. Bennett*
**PAUL W. BENNETT**
State Bar No. 00787071
paul.bennett@fletcherfarley.com
**ALEX J. BELL**
State Bar No. 24069359
alex.bell@fletcherfarley.com
9201 N. Central Expwy., 6th Floor
Dallas, Texas 75231
214-987-9600 (telephone)
214-987-9866 (facsimile)

**ATTORNEYS FOR DEFENDANT**

**CERTIFICATE OF SERVICE**

I hereby certify that on this the 4th day of January 2017, a true and correct copy of the foregoing instrument was electronically filed with the Clerk of Court using the CM/ECF system, which will send notification of such filing to all counsel of record, in accordance with the FEDERAL RULES OF CIVIL PROCEDURE.

*/s/ Paul W. Bennett*
**PAUL W. BENNETT**